Alexander (Zander) Blewett, III
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT   59403-2807
Phone: (406) 761-1960
Fax: (406) 761-7186
E-mail:  zblewett@hoytandblewett.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| STEVE SANGWIN and AMY SANGWIN WICKS, Individually and For the Benefit of Thier Minor Daughter, McKINLEY SANGWIN,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS/BLUE SHIELD OF MONTANA, and THE STATE OF MONTANA EMPLOYEE BENEFITS PLAN,<br><br>Defendants. | Cause No.<br><br>Judge:<br><br><br>**COMPLAINT** |

* * * * * * * * * * * * * * * * * * * *

For their claims against Defendants, Plaintiffs state and allege as follows:

## COUNT I

**A.    Individual Claim of Plaintiffs**.

1.    Plaintiff, Steve Sangwin, is a teacher at the Montana School for the Deaf and Blind and has been, at all times pertinent herein a State of Montana employee and is a qualified subscriber and beneficiary of the State of Montana Employee Benefits Plan (Plan), which is administered by the Defendant, Blue Cross/Blue Shield of Montana (BCBS).

2.      Plaintiffs, Steve Sangwin and Amy Sangwin Wicks, are the natural parents of McKinley Sangwin, a minor female child.  McKinley Sangwin is also a subscriber and beneficiary under the Plan and Plaintiffs are responsible for the medical expenses incurred by their daughter, McKinley Sangwin.

3.      The State of Montana, Steven Sangwin's employer, created the Plan, which Plan is an entity and a proper defendant in this ERISA case, pursuant to 29 U.S.C. § 1132.

4.      The Plan contracted with BCBS to be the plan administrator for the Plan and all times material herein BCBS has administered the Plan.

5.      Amy Sangwin Wicks and Steven Sangwin, the natural parents of McKinley Sangwin, are entitled to bring this claim on behalf of their daughter pursuant to § 27-1-512, MCA.  In addition, Steve Sangwin is entitled to bring this action because he is a participant and beneficiary under the Plan, as is McKinley Sangwin a beneficiary under the Plan.

6.      McKinley Sangwin is a 16-year-old girl who has very severe degenerative disk disease at L5-S1 with significant pain that has been ongoing for greater than two years.  She has been treated through extensive conservative measures, all of which have been ineffective.  She has been evaluated and treated by Dr. Matthew McClaren, a pain management physician, Dr. Benjamin Brandvold, a neurosurgeon, and Dr. Michael A. Dube, an orthopedic surgeon.  All three doctors have recommended that she undergo artificial disk replacement at L5-S1.  They have found that a fusion at that level would be inappropriate medical treatment.  They have also found that although McKinley is under the age of 18, she is skeletally mature and the recommended artificial disk replacement surgery is the only medical procedure available to her to relieve her of the excessive pain she is suffering and the extreme limitation of her ability to perform daily activities.

As such, the artificial disk replacement surgery is medically necessary and is in no way experimental or investigative.

7. Plaintiffs have exhausted their administrative remedies with the Plan and BCBS, which have collectively and/or individually refused to approve and pay for the surgery, claiming the benefits requested are experimental or investigational and, therefore, not covered by the Plan.

8. In this regard, Defendants have relied exclusively on the following exclusions and definitions:

The Exclusions and Limitations section of your Summary Plan Document states:

> The following services and expenses are not covered:
>
> • <u>Services or procedures that are experimental procedures</u>, as defined in Chapter 9, <u>which are for research</u>. The State Plan may consult with physicians or national medical specialty organizations for advice in determining whether the service or supply is accepted medical practice. (emphasis added).

Chapter 9 defines Experimental Procedures or Services as:

> <u>It is experimental, investigational, unproven, or not a generally acceptable medical practice in the predominate opinion of independent experts utilized by the administrator of each plan</u>. (emphasis added).

Since Plaintiffs have exhausted all administrative remedies, judicial review through this action is appropriate at this time.

9. Judicial review is based on a "*de novo*" standard. All discretionary clauses included in the Plan violate § 33-1-502(2), MCA, the illegality of which has been determined by John Morrison, the Commissioner of Insurance for the State of Montana. *See, Standard Insurance Company v. Morrison, Montana First Judicial District Court, Lewis Clark County*, Cause No. CDV-2006-706. Also *see,*

*Standard Ins. Co. v. Morrison*, 584 F.3d 837 (9th Cir. 2009).  The definition of Experimental Procedures or Services creates an illegal discretionary clause.

      10.    By relying on these definitions and exclusions to deny Plaintiffs' claim, Defendants are merely attempting to argue that their hand-picked "experts", "physicians" or "national medical speciality organizations" are the final determining factor.  These definitions and exclusions are not only ambiguous and, hence, must be construed against Defendants, the drafters of the Plan, but these provisions attempt to shield Defendants from liability for claims based on their discretionary choosing of whatever expert or physician they wish to rely upon, and, hence, are illegal under *Morrison, supra*.

      11.    Plaintiffs are entitled to a ruling from this Court reversing the position of the administrative ruling of Defendants and issuing an order that Plaintiffs are entitled to the full benefits of the artificial disk surgery to be paid by Defendants.

      12.    In addition, pursuant to 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all of their attorney's fees and costs from Defendants because of the denial of their claim by Defendants.

      WHEREFORE, pursuant to Count I, Plaintiffs pray that the Court enter judgment in Plaintiffs' favor and against Defendants, ordering Defendants to pay all of the medical benefits and costs for the artificial disk replacement, which is anticipated to cost approximately $55,000, plus their attorney's fees and costs, and whatever other relief the Court deems appropriate under the circumstances.

## COUNT II

**B.**    **Claim for Class Action Against BCBS For Injunction**.

      13.    Plaintiffs realleges the allegations contained in ¶¶ 1-12 above.

      14.    Plaintiff, Steve Sangwin, as a representative and beneficiary of an ERISA Plan administered by BCBS in Montana, is a representative party for the

class of other participants and/or beneficiaries of any ERISA Plan in Montana administered by BCBS, which have had their employee benefits denied by BCBS for any of its "Plans" based on the "experimental" exclusion.

15.  BCBS has been administering ERISA Plans throughout Montana and denying the claims of participants and beneficiaries based on the "experimental" exclusion for years and years and BCBS should be permanently enjoined from denying claims based on the "experimental" exclusion as it has been doing in the past.  In addition, BCBS should be ordered to identify all ERISA "Plans", and produce a copy of the specific plan for the "Plan", which it has administered in the last eight years so that this class action can be amended to include, as party defendants, all such "Plans", as defined in 29 U.S.C. § 1132(d).  An injunction is necessary pursuant to § 27-19-102, MCA, because: (1) pecuniary compensation will not afford adequate relief, (2) this injunction is necessary to prevent a multiplicity of judicial proceedings, and, (3) BCBS's obligation arises from a trust.

All such participants and/or beneficiaries have claims against such "Plans" for denial of benefits back in time for a period of eight years, which is the statute of limitations in Montana on written contract claims.  This class is so numerous that joinder of all members is impractical and, in this regard, Plaintiffs have no way of determining or joining all members of this class unless this Court certifies this class.  There are questions of law and questions of fact that are common to the class because of BCBS's use of the "experimental" exclusion for all these years.  The claims of Plaintiffs and the other class members, and the defenses of BCBS and all "Plans" to be later identified, are typical, if not identical, in all such claims being asserted on behalf of the class.  Finally, the Plaintiffs can and will fairly and adequately protect the interests of the class.

16.  This proposed class-action should be certified because the questions of law and/or of fact common to class members predominate over any questions

affecting only individual members and, as a matter of fact, there are almost no questions of law or in fact that only affect individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  As a practical matter, there is no other available method.  In this regard, the Plaintiffs, bringing this class action, are in a position to show the Court:

   (A) Plaintiffs have already exhausted all administrative remedies and are in a position to have this issue resolved for all class members who have been denied benefits based on the improper discretionary use of the exclusionary language and the fact that the exclusionary language is ambiguous and must be construed against BCBS and the "Plans."  Under the circumstances, it is not necessary for every class member to again pass through all the administrative procedures which took, in Plaintiff's situation, in excess of six months.  The law provides that other class members do not also need to proceed through their administrative remedies which would, of course, be fruitless under these circumstances.  These other class members do not have the knowledge, resources, legal expertise, or time to bring these claims individually in separate actions.

   (B) To the knowledge of Plaintiffs, there are no other cases pending against BCBS or the other "Plans" concerning the controversy which has already been begun by Plaintiffs individually and on behalf of the class members in this proposed class action.

   (C) The desirability of concentrating the litigation of all of these claims in this particular forum before this particular Court under these circumstances, where the entire case turns on the construction of the use of the "experimental" exclusion is undeniable.

   (D) Although all class actions have certain difficulties, representative Plaintiffs and their counsel feel these difficulties will be much more

easily managed through a class action than through the nearly impossible procedure of individual prosecutions.

17. It appears to Plaintiffs that virtually thousands of deserving participants and beneficiaries have been denied benefits under the Plans based upon BCBS and the "Plans'" improper use of the "experimental" exclusion and the fact that the ambiguous use of the word "experimental" must be construed contrary to the interests of BCBS and the "Plans."

18. BCBS and the "Plans" are the entities which have direct knowledge of the names and addresses of all participants and/or beneficiaries who have been denied benefits based on the "experimental" exclusion. In this regard, BCBS should be required to disclose the names of all such "Plans" and all such participants and beneficiaries so that the appropriate notice can be brought to their attention.

WHEREFORE, pursuant to Count II, Plaintiffs pray that the Court, as early as practicable, enter an order certifying this action as a class action for injunction against BCBS and against the "Plans" BCBS has been administering and as a class action for benefits against all "Plans," pursuant to Rule 23, F.R.Civ.P., and to define the class, appoint class counsel, and create the appropriate notice, pursuant to Rule 23(c)(2), F.R.Civ.P. Also, Plaintiffs pray on behalf of the class, to enter judgment of injunction against BCBS and the "Plans" and judgment in favor of each class member for the value of their benefits which were denied based on the "experimental" exclusion and their attorney's fees and costs incurred herein.

DATED this 26th day of May, 2010.

HOYT & BLEWETT PLLC

   /s/ Alexander (Zander) Blewett, III
Alexander (Zander) Blewett, III
Attorneys for Plaintiff